```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

William Ryan,                           :
    Plaintiff,                      :
                                                 :
   v.                                   :   File No. 1:08-CV-135
                                                 :
Brattleboro Police Officer              :
Penny Witherbee, Brattleboro            :
Police Supervisor,                      :
Brattleboro Police Officer              :
Peter DiMarino,                         :
    Defendants.                     :

                        OPINION AND ORDER
                        (Papers 29 and 40)

Plaintiff William Ryan, proceeding *pro se*, brings this action claiming that the defendants compelled him to blow into a breathalyzer by threatening him with continued confinement. The defendants' actions, he claims, violated his rights under the Fifth and Fourteenth Amendments, and that he was discriminated against due to a heart condition.

The Court signed a stipulated discovery schedule on September 4, 2009, and discovery has been proceeding since that time. Nonetheless, on September 18, 2009, Ryan filed a motion for summary judgment, asserting that the Court should review transcripts from a prior state court proceeding and issue a ruling in this case as to liability and damages. (Paper 29). Ryan's motion is premature.

The Second Circuit has held that:

> summary judgment should only be granted "[i]f *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its]

> case with respect to which [it] has the burden of proof.'" Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)) (alteration in original and emphasis added). "The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (quoting Anderson [v. Liberty Lobby], 477 U.S. 242, 250 n. 5, 106 S. Ct. 2505, 91 L. Ed.2d 202 [(1986)]). Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery. See Sutera v. Schering Corp., 73 F.3d 13, 18 (2d Cir. 1995); Meloff v. New York Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995); Jones v. Coughlin, 45 F.3d 677, 680 (2d Cir. 1995).

Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (emphasis in original).

When Ryan filed his motion, the defendants had not yet had an opportunity to engage in discovery and uncover information that might be relevant to their respective defenses. While state court transcripts may exist, and may even be used in this case when appropriate, their existence does not mean that the defendants should be denied an opportunity for discovery. According to the stipulated discovery schedule, the discovery period continues until March 12, 2010. Ryan's motion for summary judgment (Paper 29) is therefore DENIED, without prejudice, as premature.

Ryan has also moved for "entry of disclosure of expert witness" and other materials. (Paper 40). Attached to the motion is an article from an internet blog. The article is

written by a faculty member from the University of North Carolina School of Government and discusses the use of alcosensors. (Paper 40-1). The article cites cases, and Ryan may be seeking to place those cases before the Court. Indeed, his motion states that "I am submitting these law cases with regards to discrimination allegations in this case." (Paper 40 at 1).

If Ryan is seeking to enter something into evidence, or to offer legal citations in support of a motion that has not yet been filed, his motion is premature. If he is seeking to disclose an expert or submit an expert report, this must be done in a communication between the parties and in accordance with the stipulated discovery schedule. To the extent that the motion seeks some form of relief from the Court, the motion (Paper 40) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of February, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge