UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| WILLIAM R. RYAN, | : |
|     Plaintiff, | : |
| v. | :    File No. 1:08-CV-135 |
| PENNY WITHERBEE, BRATTLEBORO POLICE SUPERVISOR, and PETER DIMARINO, | : |
|     Defendants. | : |

RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT
(Docs. 45,46)

I.    Introduction

Plaintiff William Ryan, proceeding pro se, brings this action claiming the defendants, Penny Witherbee (Witherbee) and Peter DiMarino (DiMarino) (collectively, defendants), compelled him to blow into a breathalyzer by threatening him with continued confinement. The defendants' actions, he claims, violated his constitutional rights under, inter alia, the Fifth and Fourteenth Amendments, and that he was discriminated against due to his status as a disabled veteran.

Presently before the Court are Ryan's Motion for Summary Judgment, Doc. 45, and Defendants' Motion for Summary Judgment, Doc. 46. For the reasons set forth below, defendants' motion is granted and Ryan's motion is denied.

II.     Background[1]

Ryan, a Massachusetts resident and disabled veteran,[2] was arrested by Brattleboro Police Officer DiMarino on the morning of May 24, 2006.  DiMarino processed Ryan for driving under the influence (DUI) and Ryan refused to provide a breath sample -- either at the roadside or the station during processing.[3]  He was held at the Brattleboro police station on a "hold until sober" order by a state judge requiring he be detained until his blood alcohol content (BAC) was below .08 percent.  See Docs. 47-2; 47-16.  After the DUI processing, Ryan slept for three to four hours until approximately 1:00 p.m.  After eating lunch, he slept until approximately 3:45 in the afternoon.

When Ryan awoke, he asked Brattleboro Officer Witherbee for his prescription medication taken from him during processing.  Witherbee told him he could not have his medicine until he provided a breathalyzer showing he was sober or, if he refused the test, until he was transported to the state penitentiary in Springfield.  Ryan refused to provide the sample and demanded his medicine.  He experienced anxiety while waiting for his medicine.  Witherbee was not trained to dispense medication and did not know how the combination of alcohol and medication would affect Ryan.  Doc. 47-2.

---

[1] The facts in this background section are gleaned from Ryan's deposition transcript, Doc. 47-1, except as noted.

[2] Ryan has not been employed since 1998.

[3] DiMarino did not violate Ryan's rights during the processing.  Doc. 47-1 at 23.

Witherbee consulted a superior, possibly Lieutenant Evans, who explained to Ryan the results of the test would be for police records only and would not be admissible in court, and if the test proved Ryan was sober, he would be released and given back his belongings, including medicine. Ryan provided a breath sample, Doc. 47-1 at 40-41, which showed his BAC to be .07 percent, Doc. 10-1 at 6. Ryan's fingerprints and mug shots were taken and he was released at approximately 4:00 p.m. He took his medication outside the police station.

Ryan was arraigned on a criminal charge of DUI in state court on June 12. Doc. 47-6. DiMarino signed two affidavits cataloging the events of that day, one that included a reference to the breathalyzer Ryan took in the afternoon, Doc. 10-1 at 5-6, and one that did not, id. at 7-8. On October 30, state court Judge Hayes suppressed from use at trial the breathalyzer result and the fact it was administered. Docs. 14-8 at 47; 47-5 at 47. Following an April mistrial caused by foul weather, in October 2007, Ryan was tried before a jury in Windham County District Court on the criminal charge of DUI and found guilty. Doc. 47-9 at 288. During the sentencing phase of the trial -- before the judge only -- the prosecutor mentioned -- specifically as evidence the Court could consider though the jury could not -- the fact that Ryan's BAC was .07 percent eight hours after his arrest. Id. at 290.

Ryan appealed the verdict in a pro se appeal to the Vermont Supreme Court, which affirmed the judgment in June 2008. Vermont v. Ryan, No. 2007-449, 2008 WL 2766130 (Vt. June term 2008). Ryan filed this civil rights action in state court in May 2008 and defendants removed the case to this Court. Doc. 1.

III.   Discussion

The Second Circuit encourages courts to act with "special solicitude" in cases involving a pro se party.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  Such solicitude, however, focuses on construing pleadings and other submissions.  Id.  A pro se litigant is "not exempt [] from comply[ing] with relevant rules of procedural and substantive law."  Id. (internal citation omitted).

   A.   Standard of Review

Summary judgment is appropriate only where the parties' submissions show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The burden of demonstrating the absence of a genuine issue of material fact rests upon the party seeking summary judgment.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  Once a properly supported motion for summary judgment has been made, the burden shifts to the nonmoving party to set out specific facts showing a genuine issue for trial.[4]  Fed. R. Civ. P. 56(e)(2).  The Court must resolve ambiguities and draw inferences in favor of the nonmoving party.  Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) (citation omitted).

---

[4]  "[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment."  Conroy v. N.Y. State Dep't of Corr. Servs., 333 F.3d 88, 94 (2d Cir. 2003) (quoting Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996)).  Rather, Fed. R. Civ. P. 56(c) and (e) require that a nonmoving party must set forth specific facts in the affidavits, depositions, answers to interrog-atories, or admissions showing a genuine issue exists for trial.  Cifarelli, 93 F.3d at 51 (citation omitted).

4

"Where both parties have moved for summary judgment, 'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" Murray v. Int'l Bus. Machs. Corps., 557 F. Supp. 2d 444, 448 (D. Vt. 2008) (citing Schwabenbauer v. Bd. of Educ. of Orleans, 667 F.2d 305, 314 (2d Cir. 1981)). "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc., 235 F.3d 53, 58 (2d Cir. 2000) (citation and internal quotation omitted).

Here, Ryan has failed to support his motion with anything more than unsupported allegations. This district's local rules require submission of a separate statement of undisputed material facts and failure to do so is grounds for denial of a summary judgment motion.[5] D. Vt. L.R. 56(a). As the defendants have also filed a motion for summary judgment, the Court will consider both parties' arguments in support of and against Ryan's constitutional claims.

B.   Fifth Amendment

Ryan alleges his Fifth Amendment right against self-incrimination was violated because he was forced by extortive means[6] to provide a breath sample after

---

[5] Further, after receiving defendant's opposition pointing out his deficiency, Ryan failed to file a reply in support of his motion. He did, in a filing docketed as the opposition to defendants' summary judgment motion, purport to include an affidavit. See Doc. 50 at 2-4.

[6] Ryan asserts Witherbee used Ryan's desire for his medication as a "carrot on a stick" and threatened him with continued incarceration and transfer to a Springfield, Vermont penitentiary to coerce him into taking the breathalyzer test. Doc. 50 at 4. See

he had exercised his right to refuse the test.  Docs. 12 at 2; 50 at 3.  He also alleges the "handheld breathalizer (Alcho-sensor) [is] a wholly illegal devise."  Doc. 12 at 3.  The Fifth Amendment provides:  "No person shall . . . be compelled in any criminal case to be a witness against himself . . . ."  U.S. Const. amend. V.

Crediting Ryan's allegations, the Court finds there was no violation of Ryan's Fifth Amendment rights.  The fact that Ryan took a breathalyzer as well as its results were suppressed, Doc. 14-8 at 47, and not used at his DUI trial.[7]  See Docs. 47-8, 47-9, 47-10 (trial transcript).  Further, the police report referencing the breathalyzer was the subject of a pretrial motion and order.  See Docs. 14-7, 14-8, 47-5.  Though he points to the two police reports -- one referencing the breathalyzer and the other not -- as his proof of the violation of his rights, Docs. 47-1 at 22; 50 at 2-3, Ryan provides no detail on how the alleged inaccuracy in the police reports or the fact or results of the breathalyzer affected his trial.  In the absence of such an allegation, his Fifth Amendment claim must fail.  Chavez v. Martinez, 538 U.S. 760, 769 (2003) (holding even coercion does not violate the right against self-incrimination "absent use of the compelled statements in a criminal case against the witness").[8]  Accordingly, defendants are entitled to summary judgment on this claim

---

also Docs. 47-1 at 29 ("they used [Ryan's desire for his medicine] as an extortionary device"); id. at 32 ("I was forced through trying to secure my medicine to take a breathalyzer against my will, and [] I was advised that it would not appear in any court records or any newspaper articles prejudicing me or whatever.  I was exercising my right not to incriminate myself.").

[7] At his deposition, Ryan confirmed the breathalyzer results were not used:  "[O]n just the police testimony of that [] incident, they convicted me."  Doc. 47-1 at 67.

[8] Additionally, the Supreme Court has held blood alcohol concentration evidence is not testimonial, so even if compelled, it is not barred by the Fifth Amendment privilege

6

because Ryan has failed to state a claim or to provide evidence of a Fifth Amendment violation.

  C. Eighth and Fourteenth Amendment Medical Claims

  Ryan alleges his Eighth Amendment rights were violated when he was forced to provide a breath sample to determine if he could be released and have his personal items, including prescription medication, returned. See Docs. 12 at 3-4, 50 at 4. The Eighth Amendment prohibits cruel and unusual punishment, U.S. Const. amend. IIX, and covers medical treatment claims. However, as Ryan was a pre-trial detainee at the time and not an incarcerated inmate, his claims are covered by the Fourteenth Amendment. For analytical purposes, the distinction is not critical, since medical treatment claims are assessed under the same standard for both detainees and inmates. See Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).

  To show that prison medical treatment was so inadequate as to have been unconstitutional, Ryan must prove the defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A medical need is "serious" for constitutional purposes if it presents "a condition of urgency that may result in degeneration or extreme pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).

  The determination of "deliberate indifference" includes an objective and subjective component. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). With respect to the objective aspect, the Court must ask whether there has been a sufficiently

---

against self-incrimination. Schmerber v. California, 384 U.S. 757, 764 (1966).

serious deprivation of the prisoner's constitutional rights.  With respect to the subjective element, the Court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights.  See id. at 299.  Therefore, to establish deliberate indifference, Ryan must prove the defendants had a culpable state of mind, and allege conduct that is "repugnant to the conscience of mankind," or "incompatible with the evolving standards of decency."  Estelle, 429 U.S. at 102, 105-06 (citations omitted).

Crediting Ryan's allegations and applying these standards here, the Court finds there was no violation of Ryan's Eighth or Fourteenth Amendment rights.  The record before the Court is clear that Ryan did not have a serious medical need and, even if he did, defendants were not deliberately indifferent to his purportedly serious medical need.  Ryan suffered anxiety.  Doc. 47-1 at 43-44.  Mental anxiety, however, generally does not rise to the level of a serious medical need.  See Shenk v. Cattaraugus County, 305 F. App'x 751, 754 (2d Cir. 2009) ("[The Second Circuit Court of Appeals] ha[s] never held that mental anxiety is a serious medical need.").

Ryan makes no allegation that any defendant had a sufficiently culpable state of mind, and there is no evidence any defendant acted with deliberate indifference.[9]  Ryan was not provided his prescription medications while in custody because the Brattleboro officers were not qualified to dispense medications.  The officers were not trained medical personnel and did not know what effects, if any, Ryan could

---

[9] Ryan attests DiMarino did not violate his Eighth or Fourteenth Amendment rights because he was not present when Ryan was refused his medication.  Doc. 47-1 at 22, 32-34, 54.

experience from taking his medication while intoxicated. See Doc. 47-2 at ¶ 3 (Witherbee affidavit). He did not ask for his medication until approximately 3:45 in the afternoon, after being in custody for almost eight hours. Doc. 47-1 at 26-27. After Ryan provided a breath sample, he was released at approximately 4:00 p.m. and took his medication. Doc. 47-1 at 29, 40-41. The officers' actions in refusing the medication are far from repugnant or incompatible with the standards of decency given Ryan's potentially intoxicated state. Accordingly, defendants are entitled to summary judgment because Ryan has failed to state a claim for or to provide evidence of deliberate indifference to a serious medical need.

    D.    Equal Protection Claim

Ryan alleges he is a member of a protected class as a disabled veteran[10] and his civil rights were violated. Doc. 12 at 3. This claim is based on the same set of facts as the above constitutional claims. The Equal Protection clause of the Fourteenth Amendment "requires that the government treat all similarly situated people alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Ryan has made no allegation he was treated differently from others similarly situated, which is required for either a claim he received selective treatment based on impermissible considerations or a "class of one" claim. Toussie v. Town Bd. of Town of East Hampton, No. CIVA 08-1922, 2010 WL 597469, at *5 (E.D.N.Y. Feb 17, 2010) (reciting the elements of both types of Equal Protection claims)

---

[10] Ryan also asserts he "was further abuse[d] by ac[c]usations of being a vile contagion for having Hepatitis (C)." Doc. 12 at 2. He testified at his deposition: "[Witherbee] was, in some derogatory way as far as another one of my concerns as far as having hepatitis C, she said, we can't give you any medicine." Doc. 47-1 at 35.

(citations omitted).  Defendants are entitled to summary judgment on this portion of Ryan's complaint:  it does not state an Equal Protection claim upon which relief can be granted and Ryan has not provided evidence to support it.

    E.    Ninth Amendment Claim

As a catch-all, Ryan purports to "invok[e the] protections of the 'Ninth Amendment . . . and the ensuing penumbra . . . .'"  Doc. 12 at 5.  The Ninth Amendment provides:  "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX.  "It is not an independent source of constitutional rights that may be asserted in a civil rights action."  Lloyd v. Lee, 570 F. Supp. 2d 556, 566 (S.D.N.Y. 2008) (citation omitted).  Accordingly, Ryan's purported Ninth Amendment claim is dismissed.

 IV.    Conclusion

For the above reasons -- and because the record taken as a whole could not lead a rational trier of fact to find for Ryan, Nippon Fire & Marine, 235 F.3d at 58 -- Defendants' Motion for Summary Judgment, Doc. 46, is granted, and Ryan's Motion for Summary Judgment, Doc. 45, is denied.  Since the Court grants defendants summary judgment on Ryan's constitutional claims, it does not address defendants' qualified immunity defense.  See Doc. 46 at 16-19.  As no service was made upon an individual named in the complaint as "Brattleboro Police Supervisor," nor was a claim pursued by plaintiff, the Court considers any such claim to be waived.  Accordingly, the case is dismissed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of October, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge
